

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2002

# Golden v. Govt of VI

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Golden v. Govt of VI" (2002). *2002 Decisions.* Paper 414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-1069


ANNE GOLDEN, ON BEHALF OF HERSELF AND ALL OTHER TAXPAYERS
SIMILARLY SITUATED

v.

GOVERNMENT OF THE VIRGIN ISLANDS, BUREAU OF INTERNAL REVENUE;
CHARLES TURNBULL, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF
THE U.S. VIRGIN ISLANDS;
LOUIS WILLIS, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE
VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,

Appe


Appeal from the District Court of the Virgin Islands
Division of St. Thomas
(D.C. Civil Action No. 01-cv-00162)
District Judge: Honorable Thomas K. Moore


Argued May 13, 2002

Before: AMBRO, FUENTES and GARTH, Circuit Judges

(Opinion filed: July 19, 2002)

Julio A. Brady, Esquire (Argued)
3009 Orange Grove, Suite 9
Christiansted, St. Croix
USVI,  00820

    Attorney for Appellee
Iver A. Stridiron
Attorney General
Elliott McIver Davis
Solicitor General
Joanne E. Bozzuto (Argued)
Special Assistant Attorney General
Office of Attorney General of Virg
Department of Justice
48B-50C Kronprindsens Gade,
GERS Building, 2nd Floor
Charlotte Amalie, St. Thomas
USVI,  00802

Richard M. Prendergast
Office of Attorney General of Virg
6040 Castle Coakley
Christiansted, St. Croix
USVI,  00820

OPINION

AMBRO, Circuit Judge

In this case, the District Court of the Virgin Islands erred by allowing the parties to stipulate as to Plaintiff's standing. Accordingly, we reverse and remand for further factual findings on this jurisdictional prerequisite.

I.

The Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. No. 107-16, 115 Stat. 38 (codified as amended in scattered sections of 26 U.S.C.) (the "Act"), lowered the tax rate from fifteen to ten percent for the first $6,000, $10,000, and $12,000 of taxable income for singles, heads of households, and married couples filing jointly, respectively. Signed into law on June 7, 2001, the Act made the new ten percent tax bracket retroactive to January 1, 2001. However, in lieu of receiving the benefit of the ten percent rate for tax year 2001, the Act authorized a five percent tax credit paid to most taxpayers through an advance refund check representing the difference between the fifteen and ten percent rates. 26 U.S.C. 6428(a). In an effort to stimulate the economy, the Act provided that taxpayers should receive these refunds "as rapidly as possible, and to the extent practicable, before October 1 of 2001." 26 U.S.C. 6428(e)(3). Because the Act provided for the payment of refunds prior to the filing of tax year 2001 returns, taxpayers received refunds based on information reported on their tax year 2000 returns. Finally, the Act provided that no refunds would occur after December 31, 2001. 26 U.S.C. 6428(e)(4). If a taxpayer did not receive her full refund or received no refund at all before that date, she could claim a "rate reduction credit" on her tax year 2001 returns. See H.R. Conf. Rep. No. 107-84, at 126-27 (2001) (describing the rate reduction credit and advance refund mechanisms).

48 U.S.C. 1397 made the Act's provisions applicable to the Virgin Islands and its taxpayers. Soon after the Act's passage, the Virgin Islands Bureau of Internal Revenue (the "VIBIR") announced that, due to budgetary and administrative constraints, it could not process the refunds prior to the December 31st deadline.

On September 5, 2001, Leo D. Goubourn and Anne Golden, purportedly on behalf of themselves and all other similarly situated Virgin Islands taxpayers, filed a complaint in the District Court challenging the VIBIR's decision. The complaint sought (1) an injunction compelling the VIBIR to issue the refunds in compliance with the Act, and (2) a declaration that the VIBIR's decision was in violation of the Act and 1397. Six days later, Golden amended the complaint to specify herself as the sole named plaintiff. On October 10th, Golden filed her motion for a preliminary injunction, and the VIBIR responded with its motion to dismiss or, in the alternative, for summary judgment. The District Court held a consolidated hearing for both motions on November 26, 2001. That same day, it issued findings of fact and conclusions of law in which it awarded Golden declaratory relief but granted the VIBIR's motion for summary judgment as to the injunctive relief claim. A final order followed on November 30th, and the VIBIR filed a timely notice of appeal limited to the District Court's grant of declaratory relief on December 27th.

II.

On appeal, we need only address the threshold jurisdictional issue of Golden's standing. To qualify for an advance refund, and thereby show standing to challenge the VIBIR's decision, Golden must establish that she filed a return for tax year 2000 and was otherwise fully eligible for an advance refund. Before the District Court both parties stipulated that Golden had filed these returns. Without further factual inquiry the District Court held that Golden had standing based on this stipulation alone.

This stipulation could not confer standing on Golden. Because "standing is an Article III requirement for jurisdiction, the parties do not have the power to confer such jurisdiction upon the Court by conceding the standing of certain plaintiffs." Barhold v. Rodriguez, 863 F.2d 233, 234 (2d Cir. 1988); see Wilson v. Glenwood Intermountain

Properties, 98 F.3d 590, 593 (10th Cir. 1996) (rejecting "[t]he district court's finding that defendants conceded plaintiffs had standing" because "parties cannot confer subject matter jurisdiction on the courts by agreement").

Further, there is no record evidence from which we can independently evaluate Golden's standing.  We recognize that this absence of evidence would normally be fatal to her complaint.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (stating that "[t]he party invoking federal jurisdiction bears the burden" of proving standing); Joint Stock Society v. UDV North America, Inc., 266 F.3d 164, 175 (3d Cir. 2001).  Nevertheless, we have recognized our right to remand, rather than dismiss, litigation where further development of the record will assist our review of a district court's standing determination.  New Jersey Coalition of Rooming and Boarding House Owners v. Mayor and Council of the City of Asbury Park, 152 F.3d 217, 220 (3d Cir. 1998) (remanding because "the district court made insufficient factual findings for us to review its standing determination.").  We find the exercise of that power most appropriate here, particularly because the record illustrates that, but for the stipulation, Golden was willing to introduce testimony and evidence on this issue.

                                III.

For the foregoing reasons, we vacate the District Court's judgment and remand for further development of the record on the issue of Golden's standing.


TO THE CLERK:

    Please file the foregoing Opinion.



                        By the Court,



                            /s/ Thomas L. Ambro
                        Circuit Judge